**UNITED STATES NATIONAL BANK OF OREGON, a national banking association, Plaintiff,**

v.

**AMERICAN ESCROW, INC., a corporation, et al., Defendants.**

**Civ. No. 64-177.**

United States District Court
D. Oregon.
Oct. 12, 1965.

Edward L. Epstein, Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for plaintiff.

James R. Ellis, Portland, Or., for defendant, Robert J. Jensen, Real Estate Com'r.

Jack L. Kennedy, Portland, Or., for defendants, E. S. Boase, James E. Lyles and Jay Frank Powell.

Frank D. Riebe, Portland, Or., for defendant, Ward Cook, Inc.

Harvey J. Osborn, Portland, Or., for defendant, Paul Genova.

Robert N. Gygi, Portland, Or., for defendant, Lyndon G. Osborne.

George L. Evans, Portland, Or., for defendants, Signe Widen and R.O.C. Inc.

Nobuo Kawasaki, Portland, Or., for defendant, Minnie Bates.

KILKENNY, District Judge.

Presented for decision is the right, title and interest of defendants, other than American Escrow, Inc. (American) to $6,730.76, the balance of a sum deposited in the registry of this court, in line with proceedings instituted by the plaintiff bank, the former possessor of said fund.

For brevity the defendant claimants are divided into three classes: (1) attaching or execution creditors (attaching), claimants to the entire fund; (2) claimants (escrow) who placed funds in escrow with American; (3) Robert J. Jensen, Real Estate Commissioner of the

state of Oregon, who claims the entire fund for the purposes of administration and liquidation under the provisions of ORS 696.555 et seq. The record discloses that on May 29, 1958, American opened a commercial checking account with the plaintiff and thereafter, from time to time, made deposits to and withdrawals from said account. The account was entitled, "American Escrow, Inc., Trust Account No. 10–158." After the commencement of this litigation, the balance then remaining in said account was tendered into the registry of this court. It is the fund here under scrutiny.

Prior to the deposit of such funds in court, the attaching creditors caused notices of garnishments, in the respective actions, to be served on American. On January 31, 1964, Jensen, in his capacity as Real Estate Commissioner for the state of Oregon, determined that the assets and capital of American were insufficient and that its affairs were in an unsafe condition and on said date, pursuant to the provisions of ORS 696.-555, attempted to take possession of said bank account. He did not succeed in reducing such fund to possession. The amounts claimed by the attaching creditors and the escrow claimants far exceeds the amount of the fund in the registry. All of the amounts claimed by said attaching creditors and escrow creditors are for trust funds placed in escrow with American and, in fact, deposited in the said account in the plaintiff bank. No part of said accounts were withdrawn to or for the benefit of the beneficial owners.

Prior to the service of any of the notices of garnishments above mentioned, defendant American had commingled some of its own funds in said trust account. The funds it withdrew exceeded the total of its funds so commingled.

On the agreed facts and all of the evidence before me, I find that the funds advanced by the attaching creditors and the escrow claimants were in truth and, in fact, funds advanced to American to be held in trust for specific purposes and that such funds, in fact, were deposited in said escrow account, all pursuant to the provisions of ORS 696.560.[1]

## CLAIM OF REAL ESTATE COMMISSIONER

The Real Estate Commissioner of the state of Oregon is authorized under the provisions of ORS 696.555 to examine the assets or capital of an escrow agent and if an impairment is found or if the agent's affairs are in an unsafe condition, the commissioner may take immediate possession of all of the property, business and assets of the agent. Under the agreed facts, the commissioner *attempted* to take possession of the account here in question. There is no claim or allegation that he took possession thereof. For that matter, the fact is that the plaintiff bank held and retained possession of said account, until it was deposited in the registry of this court. Since the commissioner never followed through on, or complied with, the provisions of the Oregon statute, his claim is without merit. I leave for future decision, the effect of the Oregon legislation on the right of a party, such as plaintiff, to seek protection under Federal legislation.[2]

## ATTACHING CREDITORS

Aside from the fact that the Oregon statute, which prohibited the garnishment of any portion of said funds,[3] it is my belief that the attaching creditors, on the facts in this case, cannot prevail. They claim that in the absence of any evidence showing what por-

---

1. ORS 696.560.
    "*Deposit and designation of money held in escrow.* All money deposited in escrow to be delivered upon the close of the escrow or upon any other contingency shall be deposited in a bank and kept separate, distinct and apart from funds belonging to the escrow agent. Such funds, when de-

posited, are to be designated as 'trust funds,' 'escrow accounts,' or under some other appropriate name indicating that the funds are not the funds of the escrow agent."

2. 28 U.S.C. § 1335.

3. ORS 696.565.

tion of the fund might be trust funds and what portion might be the funds of American, that the entire mass is subject to garnishment. Neither Ferchen v. Arndt, 26 Or. 121, 37 P. 161, 29 L.R.A. 664 (1894); Shute v. Hinman, 34 Or. 578, 56 P. 412, 58 P. 882, 47 L.R.A. 265 (1899); nor First National Bank of Portland v. Connolly, 172 Or. 434, 472, 138 P.2d 613, modified 143 P.2d 243 (1943), support this contention. In those cases, the claimants either failed to trace their money or property into the trust, or the evidence established that the fund had been previously removed from the trust. Here, we have an agreed statement of facts that all of the escrow funds advanced by all claimants, including the attaching creditors, were, in fact, deposited in the trust account, and that none of those funds were withdrawn to or for the benefit of the beneficial owners. For the same reasons, Barger v. Barger, 30 Or. 268, 47 P. 702 (1897), is of no help to attaching creditors.

■■ On the facts before me, the burden of proof was on the attaching creditors to show what part, if any, of the fund was not fiduciary in character. Brown v. Christman, 75 U.S.App.D.C. 203, 126 F.2d 625, 630 (1942). The funds of the claimants having reached the trust account, the presumption would be that American withdrew its own money first, and that the remainder thereof would be trust funds. Montgomery v. United States National Bank, 220 Or. 553, 572, 349 P.2d 464 (1960).

■■ The attaching creditors' claims that they are innocent purchasers for value are not supported by this record. First of all, it is admitted that the account was designated as "trust." The Oregon law required a corporation acting in American's capacity to keep such a trust account and to deposit therein only the funds of escrow clients.[4] The at-

taching claimants were presumed to know this law. Therefore, they had knowledge of the fact that the funds in this account were being held in trust. Although the Oregon statute [5] states that an attaching creditor is to be viewed as an innocent purchaser for value, the Oregon court in construing this law has consistently held that such a creditor takes subject to adverse claims of which he has knowledge or sufficient notice to put him on inquiry. First National Bank of North Bend v. Gage, 71 Or. 373, 142 P. 539 (1914); Saling v. First National Bank of Tillamook, 93 Or. 237, 182 P. 140 (1919); Matsuda v. Noble, 184 Or. 686, 200 P.2d 962 (1948). Furthermore, such a creditor must allege and prove all of the facts necessary to establish his status as a good faith purchaser, including that he had no actual knowledge, nor sufficient notice to put him on inquiry of adverse claims. Matsuda v. Noble, supra.

The attaching creditors are not entitled to a preference and are not to be viewed as innocent purchasers for value.

## CONCLUSION

The contentions of the escrow creditors are supported by the evidence and the entire record. I find against the contentions of the real estate commissioner of the state of Oregon and against the contentions of the attaching creditors, except insofar as they contend that as escrow depositors, they are entitled to participate in the distribution of the fund.

The balance remaining in the registry of the court should be distributed pro-rata to the attaching and escrow creditors.

This opinion and the agreed facts shall serve as my findings and conclusions. Counsel for escrow creditors shall forthwith prepare, serve and present an appropriate decree.

4. ORS 696.560.

5. ORS 29.150.